**Alberto Orfano BUENAVISTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73104.

Agency No. A42–831–244.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy E. Miller, Esq., Robert L. Reeves & Associates, Pasadena, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, James R. Grimes, Esq., Mary Jane Candaux, Esq., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Alberto Orfano Buenavista, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for a waiver of removal. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's discretionary denial of Buenavista's application for a waiver of removal. *See San Pedro v. Ashcroft*, 372 F.3d 1118, 1120 (9th Cir.2004).

■ The IJ did not err by considering entry fraud when adjudicating Buenavista's waiver request. *Cf. INS v. Yueh–Shiao Yang*, 519 U.S. 26, 30–31, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996) (holding that it is within the BIA's broad discretion to consider entry fraud in the adjudication of a waiver of removal pursuant to former 8 U.S.C. § 1251(a)(1)(H)). Moreover, the BIA's decision, as announced in *Matter of Tijam*, 22 I. & N. Dec. 408 (BIA 1998), to consider an alien's initial entry fraud was not an irrational departure from prior policy, but rather "an avowed alteration of it." *Yang*, 519 U.S. at 32, 117 S.Ct. 350. The IJ properly considered Buenavista's equities under the balancing test announced in *Matter of Tijam*.

■ The IJ did not abuse his discretion in denying Buenavista's belated motion for a continuance. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (holding that the decision to grant or deny a request for a continuance is committed to the sound discretion of the IJ and will not be reversed absent a showing of clear abuse.)

Buenavista's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848, 854–55 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Buenavista's motion for stay of removal included a timely request for stay of voluntary departure. Because

---

the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.